# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**BILLY RAY FORD, JR.**                                                                                      **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO. 2:08cv268-KS-MTP**

**STATE OF MISSISSIPPI**                                                                   **DEFENDANT**

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

THIS MATTER is before the Court on a Motion [25] to Dismiss filed by Respondent; the Report and Recommendation [34]; and the Petitioner's Objection [35]. Having considered the motion, all documents made a part of the record of this case and applicable law, the Respondent's Motion to Dismiss [25] should be granted and that Billy Ray Ford, Jr.'s Petition [1] for Writ of Habeas Corpus Under 28 U.S.C. § 2254 be dismissed with prejudice.

## I. PROCEDURAL HISTORY

On May 20, 2002, *pro se* Petitioner Billy Ray Ford, Jr. pled guilty to a charge of receiving stolen property in the Circuit Court of Forrest County, Mississippi and was sentenced to a term of five years in the custody of the Mississippi Department of Corrections (MDOC), with two years to serve and three years suspended on unsupervised probation. *See* Exh. A to Motion to Dismiss. Thereafter, Petitioner's probation was revoked on March 4, 2004 because he had been arrested on a charge of robbery in Hattiesburg, Mississippi on October 13, 2003, in violation of one of the conditions of his probation, and Petitioner was sentenced to serve the remaining three years of his sentence in the custody of the MDOC. *See* Exh. B to Answer.

Petitioner was later convicted of perjury,[1] following a jury trial in the Circuit Court of Forrest County on August 12, 2004, and was sentenced as a habitual offender pursuant to Miss. Code Ann. § 99-19-81 to serve a term of ten years in the custody of the MDOC, without the benefit of parole. *See* Exh. N to Motion to Dismiss. Petitioner appealed and the Mississippi Court of Appeals affirmed his conviction and sentence in a published opinion dated November 7, 2006. *See Ford v. State*, 956 So. 2d 301 (Miss. Ct. App. 2006), *reh'g denied*, Apr. 10, 2007 (Exh. O to Motion to Dismiss). Petitioner did not seek certiorari review by the Mississippi Supreme Court.

Petitioner filed the instant Petition on November 21, 2008. In the Motion to Dismiss [25], filed on December 28, 2009, Respondent contends that the Petition was not timely filed and that the claims therein have not been properly exhausted. Petitioner has not responded to the motion. On February 18, 2010, Magistrate Judge Michael T. Parker entered his Report and Recommendation [34] on the Motion to Dismiss, and the Petitioner subsequently filed his Objection [35] to the Report and Recommendation on March 5, 2010. The Petitioner's objection will be addressed below.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). *See also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is

not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTION AND ANALYSIS

In his Objection, Petitioner Ford raises several points – all of which are irrelevant to the merits or outcome of his case. These objections are frivolous and without merit and, therefore, will not be addressed by this Court.

### IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Ford's objection lacks merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that the Defendants' Motion [25] to Dismiss are hereby **granted**.

SO ORDERED AND ADJUDGED on this, the 20th day of July, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE